(118 So. 49)

### COVIS v. STATE. (1 Div. 782.)

Court of Appeals of Alabama. May 15, 1928.

Rehearing Denied June 5, 1928.

Reversed on Mandate Aug. 7, 1928.

Gordon, Edington & Leigh, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. ■ As the result of an undisputed difficulty between appellant and one Denny Lyons, this appellant was tried and convicted for an assault and battery. He relied not only upon self-defense, but also insisted that his conduct upon the occasion in question was justified for that at or near the time of the assault or affray complained of the said Lyons made use of opprobrious words or abusive language, directed to appellant. This character of defense is authorized by section 3302 of the Code 1923. The evidence pertaining to the issues thus engendered was allowed by the trial court fully and without restriction, and this evidence, being in sharp conflict, became a question for the determination of the jury.

■ Appellant contends that the state's witness Lyons was permitted to testify: "These alleged assaults happened or occurred on the 10th day of May, 1926." Also: "But when it started it was out on the oyster reefs." And he (appellant) complains that his attempted cross-examination of said state witness on these statements was unduly restricted by the rulings of the court, upon objection by the state, and insists there was an abuse of the discretion, vested in the court, in this connection. · Exceptions were duly reserved. Under the elementary rules of evidence the accused was entitled to the privilege of cross-examining the witness upon any matter testified to by him upon his direct examination; and, within the sound discretion of the court a witness may also be cross-examined upon other subjects though remote; this for the purpose of testing the memory, credibility, knowledge, and accuracy of the witness. We do not think, however, that the rulings complained of in this connection, even if error, necessitates the reversal of the judgment of conviction in this case. In other words, the insistences of appellant may appear technically correct, but the matters involved were unimportant and we are convinced that no injury resulted therefrom to the accused. As stated, the parties were given full opportunity to present evidence relating to the issues involved and we cannot see how the substantial right of the defendant could be impaired by the refusal of the court to permit the defendant to ask witness Lyons the question, "What time did you leave the reef?" We think the inquiry was permissible, but the ruling thereon not hurtful.

■ It is next complained that injury resulted to defendant as the result of a rather unusual colloquy between the court and counsel for appellant. In this connection the record shows the following:

"Mr. Gordon: The court is going to hold that I cannot prove the environments?

"The Court: You run your case and I will run mine.

"Mr. Gordon: No, your honor; I will have to go according to your honor's rulings, which is what I want to do.

"The Court: You will have to try this case like any other man's case—

"Mr. Gordon: I object to the remarks of the court.

"The Court: Your case is like any other man's case.

"Mr. Gordon: I object to the statement of the court."

As the above matter is presented we are not called upon to pass upon the propriety or legality of the utterances of the court above quoted, for the manifest reason no exception was reserved thereto. The defendant merely "objected to the remarks of the court." No motion was addressed to the court to withdraw the remarks nor was any exception reserved in connection therewith. It is needless to state there is marked difference between objection and exception, and that the latter is essential to review by appellate courts.

Other exceptions reserved to the court's rulings upon the admission of evidence are without merit.

■■ The remaining question relates to an exception reserved to the remarks of the court to the jury after having given a written charge requested by the defendant. We are of the opinion that the charge, as requested, could have been properly refused, for the reason that the expression therein, "That if you believe for the evidence," is confusing, and renders the charge elliptical, though most likely a misprision. The charge also failed to hypothesize that the alleged language was so used at or near the time of the assault or affray. We will not predicate error upon the remarks of the court complained of in this connection, for, in our opinion, they were not calculated to divert the jury in arriving at a correct conclusion upon

the conflicting facts shown by the evidence. The issues were simple and not difficult to decide. The jury adopted the contention of the state, and in this they were fully justified by the evidence.

There are no errors of a reversible nature. Let the judgment of conviction, from which this appeal was taken, stand affirmed.

Affirmed.

PER CURIAM. Reversed and remanded on authority of Covis v. State (Ala. Sup.) 118 So. 51.